[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14205

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHARLIE JOUBERT TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:08-cr-00027-RAL-TGW-3

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Charlie Taylor appeals *pro se* the denial of his motion for compassionate release in which he sought a sentence reduction based on his "unusually long" sentence, his age at the time of the offense, his rehabilitation, and the COVID-19 pandemic. *See* 18 U.S.C. § 3582(c)(1)(A). Taylor presents two arguments on appeal: (1) the district court's insufficient order does not allow for meaningful appellate review, and (2) the district court abused its discretion in denying his motion. We reject both arguments and affirm.

## I.

We review the denial of a motion for compassionate release for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). That standard of review "is not simply a rubber stamp." *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017). "A court must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id*. But district courts are afforded "a range of choice, and we cannot reverse just because we might have come to a different conclusion." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). And because Taylor is proceeding *pro se*, we liberally construe his filings. *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021).

## II.

A district court may grant a motion for compassionate release if (1) the 18 U.S.C. § 3553(a) sentencing factors favor a sentence reduction, (2) the reduction would be consistent with U.S.S.G. § 1B1.13's policy statement, and (3) there are "extraordinary and compelling reasons" for doing so. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021); 18 U.S.C. § 3582(c)(1)(A). If a district court found "that one of three absolute prerequisites for compassionate release did not exist," then "the district court was not required to examine the other prerequisites." *Giron*, 15 F.4th at 1348. A district court need not conduct that analysis in any particular order. *Id.*

As an initial matter, the district court's order, albeit brief, is sufficient to allow for meaningful appellate review. We are "able to understand from the record how the district court arrived at its conclusion" because the court identified the factors it relied on in denying the motion. *United States v. Cook*, 998 F.3d 1180, 1185 (11th Cir. 2021). The district court discussed specific sentencing factors that counseled against reduction: the nature and circumstances of the offense, Taylor's history and characteristics, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(C). It also explained that a reduction would be inconsistent with § 1B1.13's policy statement. Specifically, the order highlights the violent nature of Taylor's convictions and that he already had an extensive criminal record despite his young age at the time of conviction. Because the order identified specific section 3553(a) sentencing factors and section 1B1.13's policy

statement, we conclude that we can meaningfully review the district court's decision.

Turning to Taylor's second argument, we conclude that the district court did not abuse its discretion in finding that the section 3553(a) sentencing factors and section 1B1.13's policy statement counseled against a sentence reduction. "The weight given to any specific § 3553(a) factor is committed to the sound discretion of the court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). And the district court was not required to "address each of the § 3553(a) factors or all of the mitigating evidence." *Tinker*, 14 F.4th at 1241.

Taylor's argument that the district court ignored its duty to consider the section 3553(a) sentencing factors is belied by the record. The court reviewed the factors and determined that they counseled against compassionate release. In particular, the order noted that Taylor had an extensive criminal history, despite being only nineteen at the time he committed the offenses, landing him in criminal history Category V. Additionally, Taylor's offenses were violent in nature—he equipped his coconspirators with the firearms that they used to carjack and kidnap their victim. Taylor then drove the vehicle to ATMs where the group forced the victim to withdraw cash at gunpoint, all while they discussed whether to kill the victim and dump his body. We cannot say that the court acted outside its broad discretion by affording significant weight to these factors. We are not persuaded by Taylor's argument that the court abused its discretion by failing to discuss his extensive

rehabilitation while incarcerated or the subsequent changes in sentencing statutes and the U.S. Sentencing Guidelines Manual. The court was not required to address every § 3553 factor or piece of mitigating evidence, and it was within the district court's discretion to weigh some factors more heavily than others. *Id.*; *Croteau*, 819 F.3d at 1309.

The district court's order also explained that section 1B1.13's policy statement counseled against reduction. The policy statement explains that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2) (2023). To assess dangerousness, a court may consider the nature and circumstances of the offense charged and the history and characteristics of the person. 18 U.S.C. § 3142(g). Because the district court explained those considerations when assessing the sentencing factors, it did not need to repeat them when discussing the policy statement.

Because a court may reduce a term of imprisonment only if the section 3553(a) factors and section 1B1.13 policy statement favor doing so, we need not decide whether Taylor identified a qualifying extraordinary and compelling reason in his motion.

### III.

**AFFIRMED.**